IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASCENCIA, an incapacitated person,<br><br>   Plaintiff,<br>v.<br><br>AMERICAN AIRLINES, INC,:<br><br>   Defendant. | CIVIL ACTION<br><br>DOCKET NO.: |

### AMERICAN AIRLINES, INC'S MOTION TO QUASH PLAINTIFFS' NOTICE OF NON-PARTY DEPOSITION AND FOR PROTECTIVE ORDER AND REQUEST FOR EXPEDITED CONSIDERATION

AMERICAN AIRLINES, INC. ("**AA**"), by and through its counsel of record, files this Motion to Quash Plaintiffs' Notice of Non-Party Deposition and for Protective Order, and Request for Expedited Consideration, pursuant to Federal Rules of Civil Procedure 26 and 45, asking this Court to protect AA's employee and non-party witness, Debra Shaffer ("**Shaffer**"), from presenting at a March 14, 2024 deposition noticed by Plaintiffs' counsel to occur within this District. In support thereof, AA states as follows:

### FACTUAL BACKGROUND AND SUMMARY OF MOTION

1. ANA MARIA MARCELA TAVANTZIS, (individually and as Legal Guardian of) JESUS PLASCENCIA, (an incapacitated person) ("**Plaintiffs**") have unilaterally noticed the deposition of Shaffer in a civil action ("**California Action**") Case No.: 5:23-cv-05607-BLF, pending in the United States District Court for the Northern District of California, before District

Judge Beth Labson Freeman. The deposition is set to take place in Dallas, Texas on March 14, 2024. The Notice of Deposition ("**Notice**") is attached hereto as **Exhibit A**.

2. The claims in the California Action arise out of personal injuries that Plaintiff Jesus Plascencia ("**Plascencia**") allegedly suffered while on an international flight from Miami, Florida to Madrid, Spain. Plaintiffs commenced their travel from California on a different AA flight to Miami, Florida. The operative Complaint in the California Action is Plaintiffs' First Amended Complaint [DE 24] [1] (**"FAC"** https://ecf.cand.uscourts.gov/doc1/035123893537)[2] on December 19, 2023. A further summary of the claims and defenses in the California Action are reflected in the parties' **Joint Case Management Statement** [DE 33], attached as **Exhibit B**.

3. AA has filed a Motion to Dismiss ("**Motion to Dismiss**") [DE 31-1] the FAC in the California Action for *inter alia* lack of personal jurisdiction over AA for the claims asserted in the FAC since Plaintiffs' claimed injuries occurred, as alleged by Plaintiffs, either in Miami (where Mr. Plasencia allegedly displayed stroke symptoms) or over the Atlantic Ocean (where Mr. Plasencia suffered a complete stroke). A copy of the Motion to Dismiss is attached hereto as **Exhibit C**.

4. AA's Motion to Dismiss is potentially case-dispositive and it can be decided without the need for discovery. AA, therefore, filed a Motion to Stay Discovery Pending Motion to Dismiss [DE 36] on January 24, 2024 ("**Motion to Stay**") citing relevant Northern District of California case law favoring motions to stay discovery in such circumstances. *See, e.g. Pereda v. General Motors LLC*, No. 21-CV-06338-JST, 2022 WL 19692037, *1 (N.D. Cal. Mar. 15, 2022)

---

[1] Docket Entry [DE] citations refer to the entries made in the Action pending in the Northern District of California.

[2] The FAC, with exhibits, is 331 pages long. Accordingly, AA provides a link to the FAC in lieu of attaching it as an exhibit to this Motion.

(J. Tigar) (a stay of discovery may issue where a pending motion to dismiss is dispositive of the entire case or on the issue to which discovery is directed and where the motion to dismiss "can be decided absent discovery."); *see also Jeter v. President of the United States*, 670 F. App'x 493, 494 (9th Cir. 2016) (affirming stay of discovery pending motion to dismiss that "required resolution of jurisdictional issues"). A copy of AA's Motion to Stay is attached as **Exhibit D.** Plaintiffs have responded to the Motion to Stay without stating any specific need for any specific discovery. A copy of Plaintiffs' Response to AA's Motion to Stay is attached as **Exhibit E.**

5. The Local Rules of the Northern District of California require oral argument on motions such as motions to dismiss and motions to stay discovery. *See* L.R. 7-2(a). Thus, a hearing on AA's Motion to Dismiss is set for June 13, 2024, before Judge Freeman. AA's Motion to Stay [DE 36] is set for hearing on May 9, 2024. These hearing dates were the earliest available dates provided by the Court at the time the motions were filed.[3]

4. Recognizing an opportunity to obviate the Northern District of California's adjudication of the merits of AA's Motion to Stay, and to usurp Judge Freeman's authority to rule on that Motion by rendering the Motion to Stay moot, Plaintiffs unilaterally noticed the deposition of non-party Debra Shaffer, Senior Claims Analyst for AA, for March 14, 2024 in Dallas, Texas. The Notice was served on AA on January 31, 2024 – seven days after AA's Motion to Stay was filed in the California Action.

5. No scheduling order has been entered in the California Action, the matter is not set for trial, and the parties have no discovery or other deadlines.

---

[3] *See* a copy of the Standing Order Re Civil Cases before Judge Beth Labson Freeman attached as **Exhibit F**, which describes the trial court's hearing schedule/circumstances, most notably, the fact that "[c]urrently, the Court is setting hearings approximately 5 months out." Accordingly, the Motion to Stay was filed on January 24, 2024, and thus the arrival at a May 9, 2024, for a hearing date.

6.      AA requests entry of an order quashing the Notice and/or the entry of a protective order staying/preventing the deposition from proceeding until Judge Freeman has an opportunity to rule on AA's Motion to Stay.  Plaintiffs cannot be permitted to subvert Judge Freeman's authority by rushing discovery, for no good faith or discernable reason.  Fifth Circuit jurisprudence provides this Court the discretion and authority to quash the Notice and/or issue such a protective order.

## THIS COURT IS THE PROPER FORUM FOR THIS MOTION

7.      Fed.R.Civ.P. 26(c)(1) provides that "… any person from whom discovery is sought may move for a protective order … in the district where the deposition is to be taken" which "… may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  In addition, Fed. R. Civ. P 45(d)(1) provides that "the court for the district where compliance [with a subpoena] is required must enforce [the duty to avoid undue burden or expense] and impose an appropriate sanction … on a party or attorney who fails to comply."[4]  Thus, this Court is the appropriate forum to consider AA's requests for protection detailed below.

## REQUEST FOR EXPEDITED CONSIDERATION

8.      Plaintiffs have noticed Shaffer's deposition for March 14, 2024. This Court's local rules allow for a 21 day period to respond to this Motion and an additional 14 days for any reply brief. Northern District of Texas Local Civil Rules, Rule 7.1 (e) and (f).  Thus, Plaintiffs' response will be due on March 1, 2024 and AA's Reply will be due on March 15, 2024. AA requests that

---

[4] Notably, the Notice does not state that a subpoena will be issued to compel Shaffer's attendance at her deposition.

4

the Court require Plaintiffs to respond to this Motion within 10 days – by February 19, 2024 – and that AA file its reply 7 days thereafter – by February 26, 2024.

## AA'S PENDING MOTION TO STAY DISCOVERY

9.      AA's Motion to Stay requests Judge Freeman to stay discovery pending her ruling on AA's Moton to Dismiss. AA's Motion to Stay is supported by numerous opinions from courts in the Ninth Circuit which have held that a motion to stay is warranted, and even favored, where: (a) the pending motion is case or issue dispositive; and (b) where the motion can be decided without discovery.[5]  AA's Motion to Dismiss falls squarely within the parameters of this line of cases since is seeks dismissal of the entire California Action for lack of personal jurisdiction over AA for the claims asserted in the FAC given that no operative material events occurred in California.  The Motion to Stay is set to be argued before District Judge Beth L. Freeman on May 9, 2024, the earliest date provided by the Court.

## AA'S REQUEST TO QUASH THE NOTICE OF DEPOSITION OF DEBRA SHAFFER

10.     AA has consistently objected to discovery progressing in this case while its jurisdictional Motion to Dismiss is pending. AA first raised its objection to discovery in the parties' Joint Case Management Report filed on January 24, 2024 (Exhibit B, at pp. 2, 5-7), and affirmatively sought to stay discovery in its Motion to Stay filed January 24, 2024. Perhaps because of these filings, Judge Freeman has not set the California Action for trial nor entered any other orders setting any pretrial deadlines.

---

[5] *See* AA's Motion to Stay at pp. 3-7, citing various California courts' use of this two-pronged test; *see e.g. Pereda v. General Motors LLC*, No. 21-CV-06338-JST, 2022 WL 19692037, *1 (N.D. Cal. Mar. 15, 2022) (J. Tigar) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Onuoha v. Facebook, Inc.*, No. 16-cv-06440-EJD, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017).

11. AA seeks an order quashing the deposition Notice for Shaffer until Judge Freeman has the opportunity to determine if that or any other discovery is warranted or appropriate given AA's pending Motion to Dismiss. The relief sought by AA seeks: 1) to preserve the presiding Judge's authority over discovery motions pending before her in the California Action; 2) to prevent gamesmanship from usurping the presiding Judge's authority to rule on AA's pending Motion to Stay by rendering that motion moot; and 3) prevent Plaintiffs from placing AA in the Hobson's choice of refusing to produce Mrs. Shaffer for deposition (thus preserving its Motion to Stay, but potentially creating other problems) or produce her for deposition (thus waiving its pending Motion to Stay).

## Legal Standard

12. Fed. R. Civ. P. 26(c) provides, in pertinent part:

> "A party or any person from whom discovery is sought may move for a protective order where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."

13. For good cause shown, the trial court may "make any order which justice requires" in limiting discovery, including (among other things) forbidding the discovery, restricting the subject maters to be covered, and/or fixing the time, the place, and the sequence of any depositions. Fed. R. Civ. P. 26(c).

## Plaintiffs Have No Need for Shaffer's Deposition Immediately or Ever

14. Plaintiffs have stated no need to depose Mrs. Shaffer within the time frame they have selected. Plaintiffs have stated no need to depose Mrs. Shaffer on any topics much less on the topics identified in her declaration attached to AA's Motion to Dismiss (Exhibit C at pp. 22-24). Nor can they, since the substance of Mrs. Shaffer's declaration is limited to: 1) authenticating documents attached to AA's Motion to Dismiss and referenced in the FAC; 2) clarifying that the documents attached to the FAC as Exhibit 1 are boarding passes because the say "boarding passes"

6

on them and that they are not "tickets"; 3) authenticating Plaintiffs' actual ticket; and 4) identifying coding on the ticket indicating that the ticket was purchased by and issued by Plaintiffs' travel agent, not AA. AA has withdrawn paragraph 8 of Mrs. Shaffer's declaration.[6]

15. Plaintiffs have demonstrated the ability to respond to AA's Motion to Dismiss without evidence and without the deposition of Mrs. Shaffer by filing their Response to the Motion to Dismiss (Exhibit E) on January 30, 2024. Indeed, by filing their Response prior to: 1) serving any discovery requests related to the Motion to Dismiss; 2) requesting any depositions related to the Motion to Dismiss; and/or 3) seeking any extension of time to the respond to the Motion to Dismiss, Plaintiffs have effectively conceded that the Motion to Dismiss "can" be decided without discovery, thus satisfying the two-prong test for a stay of discovery in the California Action.[7] Indeed, Plaintiffs' opposition brief does not even argue that the lack of discovery precludes a response. Instead, *sans discovery,* Plaintiffs' Response in Opposition boldly demands that the trial court deny the Motion to Dismiss "in full," relying confidently on their pleadings and the supposed strengths of their arguments. *Id.*[8]

16. Thus, while the parties disagree on the strength of Plaintiffs' opposition to AA's Motion to Dismiss, the parties are of one mind – and indeed, Plaintiffs have demonstrated - that it requires no discovery. Moreover, with the filing of the Response, the opportunity to engage in discovery for the purpose of the Motion to Dismiss is foreclosed. Plaintiffs therefore have no

---

[6] AA's Reply in Support of its Motion to Dismiss [DE 38 in the California Action] at p. 15.

[7] Notably, the district courts applying the two-pronged test to motions for stay do not require the moving party demonstrate that discovery would be inapposite, futile, or irrelevant to the resolution of such motion. Instead, a movant *need only show* that resolving the motion to dismiss *is possible* without discovery. *Pereda,* 2022 WL 19692037 at *1.

[8] Plaintiffs make mention of the request to depose Shaffer, but they only do so to support their contention that the submission of Shaffer's declaration transformed the Motion to Dismiss into a Rule 56 motion for summary judgment.

4830-7699-3532, v. 4

good faith reason to hasten the deposition of Shaffer prior to the resolution of the stay and/or the resolution of jurisdiction.

### Plaintiffs' Notice Has the Effect of Usurping the Trial Court's Authority to Control Discovery in the California Case

17. Regardless of whether AA's Motion to Dismiss is likely meritorious, it is for Judge Freeman – not Plaintiffs - to determine AA's Motion to Stay and decide if discovery should proceed in the California Action. In the absence of some immediate need to depose Mrs. Shaffer, Plaintiffs' Notice seeking Shaffer's deposition before Judge Freeman can rule on AA's Motion to Stay appears to be designed and intended to undermine Judge Freeman's ability and authority to rule on AA's Motion to Stay. The Notice, thus, operates as a subversion of Judge Freeman's authority to control the sequence and timing of discovery in the California Action.

18. This Court should quash Plaintiffs' Notice to preserve Judge Freeman's authority. "Rule 26 affords trial courts ample authority to control the sequence and timing of discovery[.]" *See E.E.O.C. v. Lawler Foods, Inc.,* 128 F.Supp. 3d 972, 974-75 (S.D. Tex. 2015). The court's authority in this regard is especially broad in matters concerning jurisdictional discovery. *Peterson v. Dietze, Inc.,* 764 F.2d 1145, 1148 (5th Cir. 1985) ("[J]urisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are circumstances showing a clear abuse.") (citations and quotations omitted*). See also,* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(d)(3)(A); *MetroPCS v. Thomas,* 327 F.R.D. 600, 611 (N.D. Tex. 2018), citing *Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). *And see*, *Williamson v. U.S. Dep't of Agric.,* 815 F.2d 368, 382 (5th Cir. 1987); *see Zavala v. Cooper Tire & Rubber Co.*, No. 4:22-CV-498, 2022 WL 17069113, at *1 (E.D. Tex. Nov. 17, 2022) ("The Court has broad discretion in determining whether to grant a motion for Protective Order and what degree of protection is required because

it is 'in the best position to weigh fairly the competing needs and interests of parties affected by discovery.'").

## CONCLUSION

19. For the foregoing reasons, AA requests that this Court consider this matter on an expedited basis with an abbreviate briefing schedule, and enter an order quashing the Notice of Deposition for Debra Shaffer, and any other such relief this Court deems just and necessary.

Respectfully submitted this 9th day of February 2024.

> **BUCHANAN INGERSOLL & ROONEY PC**
> s/ Kelly H. Kolb
> Kelly H. Kolb, Esq.
> Florida Bar Number: 0343330
> kelly.kolb@bipc.com
> Robert D. Pecchio, Esq.
> Florida Bar Number: 1005955
> Robert.pecchio@bipc.com
> 401 East Las Olas Boulevard, Suite 2250
> Fort Lauderdale, FL  33301
> Telephone:    (954) 703-3944
> Facsimile:    (954) 703-3939
> *Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

I certify that this Motion is opposed. On January 30, 2024, I corresponded by email with Plaintiffs' counsel, Hannah Crowe, regarding Plaintiffs' desire to depose Mrs. Shaffer and I stated my opposition to presenting her for deposition while American Airlines' Motion to Stay Discovery was pending and undecided.  Plaintiffs' counsel voiced disagreement with my opposition, stating that she would proceed to notice the deposition since there was not order granting the Motion to Stay Discovery.

> s/ Kelly H. Kolb
> Kelly H. Kolb, Esq.

9